IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| CHRISTOPHER L. HUGHES-CANAL,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS, LEWIS AND CLARK COUNTY PROBATION, PROBATION OFFICER JIM BISSETT,<br><br>Defendants. | CV 22-100-H-SEH<br><br>ORDER |

Plaintiff Christopher L. Hughes-Canal (Hughes-Canal) brought suit alleging Defendants violated his civil rights in conjunction with his state probation revocation proceedings.[1] He seeks leave of Court to proceed in forma pauperis.[2]

Hughes-Canal's claims are barred by the *Heck v. Humphrey* doctrine.[3] He fails to state a federal claim for relief. The complaint is dismissed.

## MOTION TO PROCEED IN FORMA PAUPERIS

Hughes-Canal's motion to proceed in forma pauperis failed to file a copy of his inmate account statement.[4] The request to proceed in forma pauperis is

---

[1] Doc. 2 at 6.
[2] Doc. 1.
[3] 512 U.S. 477 (1994).
[4] *See* 28 U.S.C. § 1915(a).

nevertheless granted.

Hughes-Canal must pay the statutory $350.00 filing fee.[5] If he has insufficient funds to pay an initial partial filing fee he will be required to make monthly payments of 20% of the preceding month's income credited to his institutional account.[6] Until the filing fee is paid in full, the agency having custody of Hughes-Canal will be directed by separate order to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00.[7]

## SCREENING ANALYSIS

The complaint was reviewed under 28 U.S.C. §§ 1915 and 1915A. Dismissal is required if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[8]

Fed. R. Civ. P. 8 requires that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,"[9] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] A claim is "plausible" if factual allegations, accepted as true, "allow[ ] the court to draw the reasonable

---

[5] § 1915(b)(1).
[6] The percentage is set by statute and cannot be altered. *See* § 1915(b)(2).
[7] § 1915(b)(2).
[8] §§ 1915A(b), 1915(e)(2)(B).
[9] Fed. R. Civ. P. 8(a)(2).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

inference that the defendant is liable for the misconduct alleged."[11] *Pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[12] Plausibility has not been shown.

## ANALYSIS

Hughes-Canal alleges Defendants unlawfully incarcerated him and in so doing violated his right to pursue happiness.[13] Specifically, he alleges that from January 26, 2022 to November 19, 2022, he was wrongfully incarcerated in conjunction with Cause No. BDC 2016-459, that Adult Probation and Parole is detaining him under supervision, and that he has yet to be sentenced on the charge.[14] He asks this Court to order the sentence in Cause No. BDC 2016-459 be imposed and that he be awarded compensatory damages for each day of unlawful incarceration.[15]

Hughes-Canal's claims are barred by *Heck v. Humphrey*.[16] In that case, the Supreme Court of the United States held that if a judgment in favor of a plaintiff in

---

[11] *Id.*
[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").
[13] Doc. 2 at 3.
[14] *Id.* at 6.
[15] *Id.* Hughes-Canal is also facing new state criminal charges in Cause No. BDC-2021-415. *See e.g.*, *Hughes-Canal v. Lewis and Clark District Attorney's Office et al.*, Cause No. CV-22-99-SEH, (Doc. 2-1) (filed Dec. 27, 2022).
[16] 512 U.S. 477.

3

a separate civil-rights action would necessarily imply the invalidity of the underlying conviction or sentence, the civil rights complaint must be dismissed unless the plaintiff can demonstrate that the underlying conviction or sentence has been invalidated.[17]

Here, Hughes-Canal's claims his constitutional rights were violated during his probation hold and revocation proceedings in Cause No. BDC 2016-459. Granting these claims would necessarily imply the invalidity of the underlying conviction and sentence and would therefore be barred by *Heck*.[18] No basis for relief in this Court on the grounds stated is shown.

## CONCLUSION

The Court retains discretion to allow or deny leave to amend a claim.[19] A complaint must be dismissed under 28 U.S.C. §§ 1915 and 1915A if it fails to state a claim upon which relief may be granted.[20] Hughes-Canal's claim, as pleaded,

---

[17] *Id.* at 486–87; *see Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) ("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" (citation omitted)). The "relevant question" in a 42 U.S.C. § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F.3d at 695 (quoting *Heck*, 512 U.S. at 487).
[18] *See Baskett v. Papini*, 245 Fed. Appx. 677, 678 (2007) (affirming dismissal of section 1983 action as *Heck*-barred because prisoner's allegations necessarily called into question the validity of the probation revocation).
[19] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).
[20] Leave to amend can be denied if the Court "determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d

4

fails to state a claim upon which relief may be granted, as his claims are barred by *Heck*, and cannot be cured by amendment. Leave to amend would be futile. This matter is dismissed.

**ORDERED:**

1.  Hughes-Canal's Motion to Proceed in Forma Pauperis[21] is **GRANTED**.

2.  This matter is **DISMISSED**. The Clerk of Court is directed to close the case and enter judgment under Fed. R. Civ. P. 58.

3.  The Clerk of Court is directed to have the docket reflect the Court certifies that any appeal of this decision would not be taken in good faith.[22]

DATED this 13th day of January, 2023.

/Sam E. Haddon
Sam E. Haddon
United States District Court Judge

---

458, 460 (9th Cir. 1980) (Per Curiam)).
[21] Doc. 1.
[22] *See* Fed. R. App. P. 24(a)(3)(A).